# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JOHNNY ROBERSON,                                                              PETITIONER

v.                                                                       No. 2:07CV34-P-A

MDOC, ET AL.                                                                  RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Johnny Roberson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust. The petitioner has not responded, and the deadline to do so has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed without prejudice for failure to exhaust state court remedies.

### Facts and Procedural Posture

The petitioner Johnny Roberson entered a plea of guilty to the charge of embezzlement in the Circuit Court of Coahoma County. Roberson was sentenced September 18, 2006, to serve a term of one year with five years post-release supervision, said sentence to be served in the custody of the Mississippi Department of Corrections. There is a statutory prohibition against direct appeals from guilty pleas under state law. MISS. CODE ANN. § 99-35-101. Nevertheless, the Mississippi Supreme Court made an exception, allowing an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). The petitioner has filed neither a direct appeal nor a collateral challenge to his conviction and sentence under MISS. CODE ANN. § 99-39-1, *et seq*.

## Exhaustion

The instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust.

This case is governed by 28 U.S.C. § 2254, as amended, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) provides:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The petitioner my bring his post-conviction claims via MISS. CODE ANN. § 99-39-1, *et seq*. Specifically, §99-39-5 provides in relevant part as follows:

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi. . . . (exceptions omitted)

**To ensure that the petitioner is not deceived, however, the court notes that the federal *habeas corpus* statute, 28 U.S.C. § 2244(d), provides for only a one-year statute of limitations, which is only tolled for a properly filed state post-conviction motion. The petitioner must act diligently, as the time in which he may file a federal petition is not tolled by the filing of the instant case – and is rapidly ticking away. There is but a small amount of time left for the petitioner to exhaust state court remedies, and if the petitioner does not do so before the expiration of the federal deadline, then his federal remedies will**

**no longer be available.** *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000).

The petitioner not shown good cause for the court to stay the case and hold it in abeyance. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). As such, the instant petition for a writ of *habeas corpus* shall be dismissed without prejudice for failure to exhaust. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE